PARONICH LAW, P.C.
Anthony I. Paronich
350 Lincoln St., Suite 2400
Hingham, MA 02043
617-485-0018
anthony@paronichlaw.com

Attorneys for Plaintiff

Steptoe LLP
Elyse D. Echtman
1114 Avenue of the Americas
New York, New York 10036
212-506-3900
eechtman@steptoe.com

Attorneys for Defendant

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERARD JACKSON, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>HUGHES NETWORK SYSTEMS, LLC<br><br>    Defendant. | Case No. 4:24-CV-01273-MWB<br><br>Hon. Matthew W. Brann |

## JOINT CASE MANAGEMENT PLAN

Having complied with the meet and confer requirements set forth in the

LOCAL RULES, or with any orders specifically modifying their application in the above-captioned matter, the parties hereby submit the following Joint Case Management Plan.

1. **Principal Issues**

    1.1 **Separately for each party, please give a statement summarizing this case:**

    **By plaintiff(s):**

The Plaintiff Gerard Jackson alleges that Hughes Network Systems, LLC, or an entity on its behalf, made unsolicited telemarketing calls to his cellular telephone number. Because telemarketing calls typically use technology capable of generating thousands of similar calls per day, the Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls:

> **National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of the Defendant (3) within a 12-month period, (4) from four years prior the filing of the Complaint.

Mr. Jackson denies that he has ever taken any actions for "purposes of manufacturing a lawsuit." Mr. Jackson denies ever having participated in a "banner advertisement" on Facebook that led to the calls at issue here. Mr. Jackson did place an order with the Defendant for the purpose of identifying who called him, which was successful as Hughes Network now knows which

of the third parties it worked with called him.

**By defendant(s):**

Defendant Hughes Network Systems, LLC ("Hughes") is in the business of providing satellite-based internet services. Based on the investigation it has conducted to date, Hughes is informed and believes that Plaintiff Gerard Jackson ("Jackson") is a serial Telephone Consumer Protection Act ("TCPA") plaintiff who seeks to trick companies into calling him for purposes of manufacturing a lawsuit. Hughes denies that it made any telemarketing calls to Jackson. Hughes's investigation has revealed that any calls that may have been made to Jackson to market Hughes's services were made with his express invitation and permission and pursuant to an established business relationship, such that Jackson has no claims under the TCPA's do-not-call provisions. *See* 47 U.S.C. § 227(a)(4); 47 C.F.R. § 64.1200(c)(2), (f)(5), (f)(15).

Hughes is informed and believes that Jackson volunteered his name and telephone number to an independent retailer associated with Hughes on or about June 27, 2024 by filling out a web form in response to a Facebook online advertisement for satellite internet services. In doing so, Jackson affirmatively expressed his interest in the services and invited a telephone call. That inquiry also created an "established business relationship" that allowed the retailer to call Jackson, notwithstanding that his telephone number might be on the National Do

Not Call Registry. When the retailer called Jackson in response to that inquiry, Jackson placed an order for Hughes satellite internet services, authorizing a charge to his credit card, and becoming a Hughes customer. That transaction created an "established business relationship" that allowed the retailer to call Jackson, notwithstanding that his telephone number might be on the National Do Not Call Registry. Jackson subsequently cancelled his order. Hughes understands that the retailer called Jackson to inquire about his cancellation, at which time Jackson placed another order, and again authorized a credit card payment to Hughes.

Not only were these calls permissible under the TCPA, Jackson suffered no injury. As a professional plaintiff, who encourages telemarketing calls for purposes of bringing suit, Jackson has not suffered an invasion of privacy or any other type of injury cognizable under the TCPA, and lacks standing to bring this action.

Jackson lacks any claims against Hughes or the retailer. Moreover, there are no claims that might be asserted on behalf of a class and Jackson would not be an adequate class representative.

**1.2   The facts the parties <u>dispute</u> are as follows:**

The parties dispute whether Hughes made any telemarketing calls and whether Plaintiff received any calls from Hughes to the number identified in the Complaint.

**The facts the parties <u>agree</u> upon are as follows:**

None.

**1.3    The legal issues the parties <u>dispute</u> are as follows:**

Whether class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) or (b)(3).

Whether defendant violated the Telephone Consumer Protection Act.

**The legal issues the parties <u>agree</u> upon are as follows:**

None.

**1.4    Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:**

This court lacks subject matter jurisdiction over the claims in this action because Jackson has not suffered an Article III injury.

**1.5    Identify any named parties that have not yet been served:**

None.

**1.6    Identify any additional parties that:**

**plaintiff(s) intends to join:**

None, although the Plaintiff may re-evaluate that position if discovery reveals that a third party physically dialed the call.

**defendant(s) intends to join:**

None.

**1.7  Identify any additional claims that:**

**plaintiff(s) intends to add:**

None.

**defendant(s) intends to add:**

None.

**2.0  Disclosures**

The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.

**1.8  Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.**

None at this time.

**3.0  Early Motions**

**Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:**

**By Plaintiff:**

After sufficient discovery, the Plaintiff intends to file a motion for class certification.

**By Defendant:**

After sufficient discovery, Defendant intends to file a motion for summary

judgment with respect to Jackson's individual claims.

**4.0  Discovery**

    **4.1  Briefly describe any discovery that has been completed or is in progress:**

        **By plaintiff(s):**

The Plaintiff served discovery on September 3, 2024.

        **By defendant(s):**

Hughes intends to serve written discovery on Plaintiff prior to the September 19, 2024 court conference.

Hughes intends to take Jackson's deposition after it receives full and complete responses to its initial interrogatories and document requests.  Hughes expects that this discovery will establish that Jackson invited the telephone calls that he claims violated the "do-not-call" laws and that he suffered no injury.

    **4.2  Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):**

None.

 **4.3**   Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

 **4.4**   Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation:

Hughes respectfully submits that at the first stage of the litigation the discovery should be limited to Jackson's individual claims. Hughes expects that this discovery will show that Jackson has no claim, as a matter of law. The phasing of discovery will serve the interests of efficiency and judicial economy. No class certification discovery should take place until after the parties have litigated the viability of Jackson's individual claims.

Hughes further submits that it should not be subject to deposition discovery unless and until Jackson might be able to demonstrate that he received more than one *unsolicited* call to a telephone number on the National Do Not Call list marketing the Hughes services.

The Plaintiff opposes any bifurcated discovery. Furthermore, the Plaintiff opposes the idea that even if discovery is bifurcated that a party opponent should be excused from a deposition.

 **By Defendant**:

 **4.5**   For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify a number) that should be

**fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):**

**4.5.1 depositions (excluding experts) to be taken by:**

    plaintiff(s): <u>7</u>        defendant(s): <u>7</u>

**4.5.2 interrogatories to be served by:**

    plaintiff(s): <u>25</u>        defendant(s): <u>25</u>

**4.5.3 document production requests to be served by:**

    plaintiff(s): <u>30</u>        defendant(s): <u>30</u>

**4.5.4 requests for admission to be served by:**

    plaintiff(s): <u>20</u>        defendant(s): <u>20</u>

**4.6   Discovery of Electronically Stored Information**

X Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.

☐ Counsel certify that they have conferred about the matters addressed in M.D. Pa. LR 26.1 and that they are in agreement about how those matters will be addressed in discovery with the following exceptions:

**5.0   Protective Order**

If entry of a protective order is sought, attach to this statement a copy of the proposed order. Include a statement justifying the propriety of such a protective order under existing Third Circuit

precedent.

5.1  If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

The parties agree upon the entry of a protective order.

**6.0  Scheduling**

The Plaintiff has set forth his proposed schedule below.

6.1  **Final date for joining additional parties:**

February 24, 2025 Plaintiff(s)

February 24, 2025  Defendant(s)

6.2  **Final date for amending pleadings:**

February 24, 2025 Plaintiff(s)

February 24, 2025  Defendant(s)

6.3  **All fact discovery commenced in time to be completed by:**

Plaintiff's position:  June 27, 2025
Defendant's position:
 a) close of plaintiff-specific discovery:  December 31, 2024
 b) class-certification discovery period:  March 31, 2025 to June 27, 2025

6.4  **All potentially dispositive motions should be filed by:**

Plaintiff's position:  July 24, 2025
Defendant's position:
 a) summary judgment on Jackson's claim due:  January 15, 2025

    b) class certification motions due:  October 31, 2025

**6.5**  **Reports from retained experts due:**

  Plaintiff's position:
    a) from plaintiff(s) by <u>May 26, 2025</u>
    b) from defendant(s) by <u>May 26, 2025</u>

  Defendant's position:
    a) affirmative expert reports due:  July 7, 2025
    b) rebuttal expert reports due:  August 7, 2025
    c) reply expert reports due:  September 5, 2025

6.6  **Supplementations due:**
a) Plaintiff's position: <u>June 27, 2025</u>
b) Defendant's position:  see schedule in 6.5 above

6.7  All **expert** discovery commenced in time to be completed by <u>September 30, 2025</u>

6.8  **This case may be appropriate for trial in approximately:**

  <u>X</u> 20 months from the filing of the action in this court

  ___ 365 Days from the filing of this report.

  ___ 480 Days from the filing of this report.

6.9  **Suggested Date for the final Pretrial Conference:**

  a) Plaintiff's position:  November 2025 (month/year)
  b) Defendant's position:  January 2026

**6.10**  **Trial**

  **6.10.1 Suggested Date for Trial:**

    a) Plaintiff's position:  December 2025

(month/year)
b) Defendant's position:  February 2026

**7.0  Certification of Settlement Authority (All Parties Shall Complete the Certification)**

I hereby certify that the following individual(s) have settlement authority.

<u>　　　Gerard Jackson　　　　　　</u>
Name

<u>　　　Plaintiff　　　　　　　　　</u>
Title

Mr. Jackson can be contacted through Plaintiff's counsel.

<u>　　　Brett Kitei　　　　　　　　</u>
Name

<u>　　　Senior Counsel & Director　</u>
Title

Mr. Kitei can be contacted through Defendant's counsel.

**8.0  Alternative Dispute Resolution ("ADR")**

**8.1  Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.**

The parties agree to engage in mediation at the appropriate time, which Plaintiff submits is at the close of discovery.

Hughes is amenable to engaging in mediation and is willing to do so prior to the close of discovery.

    **8.2** **If the parties have been unable to agree on an ADR procedure, but one or more parties believe that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:**

    **8.3** **If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:**

**9.0 Consent to Jurisdiction by a Magistrate Judge**

Indicate whether all parties agree, pursuant to 28 U.S.C. 636, to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit: Defendant would agree.

All parties agree to jurisdiction by a magistrate judge of this court: \_\_\_\_ Y  \_X\_ N.

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

    \_\_\_\_ Scranton/Wilkes-Barre

    \_\_\_\_ Harrisburg

    \_\_\_\_ Williamsport

**10.0 Other Matters**

**Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.**

Plaintiff proposes that a deadline should be set for the Plaintiff to file a motion

for class certification and that the deadline should be July 10, 2025.

Defendant proposes that discovery be bifurcated, as set forth above. Should plaintiff's individual claims survive summary judgment, Defendant proposes a deadline of October 31, 2025 for a class certification motion.

**11.0 Identification of Counsel**

Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures. Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy. Any request for waiver of electronic filing must be filed with the Clerk=s Office prior to the case management conference. The Chief Judge may grant or deny such request.

Identify by name, address, and telephone number lead counsel for each party. Also please indicate ECF User status below.

Dated:

<u>/s/ Anthony I. Paronich</u>

Attorney(s) for Plaintiff(s)

- G   ECF User(s)
- G   Waiver requested (as separate document)
- G   Fed.R.Civ.P.7.1 (statement filed if necessary)*

Dated:

<u>/s/ Elyse D. Echtman (draft)</u>

Attorneys(s) for Defendant(s)

       G     ECF User(s)

       G     Waiver requested (as separate document)

       G     Fed.R.Civ.P.7.1 (statement filed if necessary)*

* Fed.R.Civ.P.7.1 requires a nongovernmental corporate party to file a statement with the initial pleading, first entry of appearance, etc., that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock, or state there is no such corporation.